# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2012

Lyle W. Cayce
Clerk

No. 11-40597
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LORENZO HERRERA-ISIDORO, also known as Juan Perea-Valdez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-74-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lorenzo Herrera-Isidoro pleaded guilty to illegal reentry after removal, in violation of 8 U.S.C. §§ 1326(a)-(b). On the other hand, he challenges his jury-trial convictions for conspiracy to transport and harbor aliens and transporting and harboring an alien and placing the life of another in danger, in violation of 8 U.S.C. §§ 1324(a)(1)(ii), (a)(1)(A)(iii), (a)(1)(A)(v)(I), (a)(1)(v)(II), and (a)(1)(B)(iii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Herrera contends there was insufficient evidence for the convictions. Herrera's having preserved this issue by a motion for judgment of acquittal at trial, review is *de novo*. *E.g.*, *United States v. Bennett*, 664 F.3d 997, 1011 (5th Cir. 2011). Our court will affirm "if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt". *Id.* (internal quotation marks omitted). We do "not evaluate the weight of the evidence or the credibility of the witnesses, but view the evidence in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict". *Id.* Review of the sufficiency of the evidence is the same for circumstantial evidence as it is for direct evidence. *United States v. Ibarra-Zelaya*, 465 F.3d 596, 602 (5th Cir. 2006).

Circumstantial evidence adduced at trial, viewed in the light most favorable to the verdict, was sufficient for a reasonable juror to find Herrera guilty. *Id.* Trial testimony established: Herrera and "Javier" were involved in an ongoing alien smuggling operation using a "stash house"; they arranged for the purchase of the pickup used to transport the illegal aliens on 4 August 2009; and one of the aliens whom they transported needed medical attention and another died. Further, testimony placed Herrera at the scene when law enforcement witnessed aliens fleeing from the pickup truck and his fingerprint on the right passenger seatbelt linked him to the vehicle. Herrera's contention that the Government's witnesses were not credible is unavailing. *See, e.g.*, *United States v. Thompson*, 647 F.3d 180, 183 (5th Cir. 2011) (credibility determinations resolved in favor of verdict).

Herrera also contends the district court erred when it denied his motion for a new trial because the jury foreperson allegedly had a personal grudge against one of his lawyers. Review is for abuse of discretion. *E.g.*, *United States v. Thomas*, 627 F.3d 146, 161 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2470 (2011). The foreperson testified at the evidentiary hearing on Herrera's motion that: during *voir dire* she did not answer untruthfully; she did not know the lawyer

No. 11-40597

before the trial began; and she was unaware that he had created a video opposing her mother's candidacy for local public office on behalf of her mother's opponent.  The district court did not abuse its discretion.  *See id.* at 160-61.

AFFIRMED.